UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACOB D. AGUILERA,

        Plaintiff,                         Case Number 17-13214
                                               Honorable David M. Lawson
v.                                        Magistrate Judge Stephanie Dawkins Davis

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____/

## OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AFFIRMING THE FINDINGS OF THE COMMISSIONER, AND DISMISSING COMPLAINT

The plaintiff filed the present action seeking review of the Commissioner's decision denying his claim for supplemental security income (SSI) under Title XVI of the Social Security Act. The case was referred to United States Magistrate Judge Stephanie Dawkins Davis under 28 U.S.C. § 636(b)(1)(B) and E.D. Mich. LR 72.1(b)(3). Thereafter, the plaintiff filed a motion for summary judgment to reverse the decision of the Commissioner and remand the case for an award of benefits or for further consideration by the administrative law judge. The defendant filed a motion for summary judgment requesting affirmance of the decision of the Commissioner. Magistrate Judge Davis filed a report on February 18, 2019 recommending that the defendant's motion for summary judgment be granted, the plaintiff's motion for summary judgment be denied, and the decision of the Commissioner be affirmed. The plaintiff filed timely objections, and the defendant filed a response. The matter is now before the Court. Although the plaintiff's claim

is based mostly on his mental impairments, the issue presented focuses on the administrative law judge's (ALJ) treatment of the plaintiff's physical impairments, which he did not find "severe" at step two of the sequential analysis, and did not make any allowances for in determining the plaintiff's residual functional capacity (RFC) for work.

The plaintiff, who is now 41 years old, filed his application for SSI benefits on September 9, 2014, when he was 37. He did not complete high school. He spent time in prison and has no relevant work experience. He lives with his mother. In the application that is the subject of the present appeal, the plaintiff alleged a disability onset date of September 1, 1996. The plaintiff alleged disability due to attention deficit hyperactivity disorder (ADHD), depression, headache, asthma, back and hip pain, hypertension, mild motor neuropathy, mild carpal tunnel syndrome, diabetes mellitus, calcaneal spur, and hypothyroidism.

The plaintiff's application for disability benefits was denied initially on January 28, 2015. He timely filed a request for an administrative hearing, and on June 1, 2016, the plaintiff appeared before ALJ Henry Perez, Jr. On July 7, 2016, ALJ Perez issued a written decision in which he found that the plaintiff was not disabled. On August 1, 2017, the Appeals Council denied the plaintiff's request for review of the ALJ's decision. On October 2, 2017, the plaintiff filed his complaint seeking judicial review of the denial of benefits.

ALJ Perez determined that Aguilera was not disabled by applying the five-step sequential analysis prescribed by the Secretary in 20 C.F.R. § 416.920. He found that the plaintiff had not engaged in substantial gainful activity since September 9, 2014 (step one); and Aguilera suffered from affective disorders and anxiety disorder, impairments which were "severe" within the

meaning of the Social Security Act (step two).   The ALJ determined that other impairments were not severe: back pain/lumbago, hypertension, mild motor neuropathy, mild carpal tunnel syndrome, headache, hip pain, asthma, diabetes mellitus, calcaneal spur, and hypothyroidism. The ALJ concluded that that "there is no supporting evidence . . . that . . . [they] are limiting [Aguilera's] ability to function."   Tr. 25.

The ALJ also found that none of the severe impairments alone or in combination met or equaled a listing in the regulations (step three).

Before proceeding further, the ALJ determined that Aguilera retained the functional capacity to perform a full range of work at all exertional levels with the following non-exertional limitations: he can (1) understand, remember, and carry out simple instructions; (2) make judgments commensurate with functions of unskilled tasks such as work-related decisions; (3) respond appropriately to supervisors, coworkers, and work situations; and (4) deal with most changes in a routine work setting.   The plaintiff has no problem with attention and has sufficient concentration to perform simple one- or two-step tasks on a routine, regular basis, but is limited to unskilled work with simple, routine, and repetitive tasks.

At step four of the analysis, the ALJ found that the plaintiff had no past relevant work experience.

At step five of the analysis, the ALJ found, based on Aguilera's RFC and the testimony of a vocational expert, that the plaintiff could perform the duties of representative occupations including machine feeder (74,000 jobs in the national economy), packing line worker (320,000

jobs), and ticket taker (82,000 jobs). The ALJ concluded, therefore, that the plaintiff was not disabled within the meaning of the Social Security Act.

In his motion for summary judgment, Aguilera raised one argument that had two subparts. He argued that the ALJ's dismissal of his physical impairments as "non-severe" at step two was not supported by substantial evidence. He also contended that the ALJ failed to consider those impairments when formulating the RFC. Aguilera asserted that there was objective proof in the record that he suffered from lower back and leg problems, as well as carpal tunnel syndrome.

The magistrate judge rejected that position. Although she acknowledged that the plaintiff made a valid point that there may have been evidence in the record showing that his back impairment satisfied the *de minimis* step-two threshold, any error at that stage was harmless. Citing *Anthony v. Astrue*, 266 F. App'x 451, 457 (6th Cir. 2008), she stated the well-established principle that a non-severe finding at step two does not require remand when the ALJ found another severe impairment at that stage and proceeded further with the analysis. She also suggested that the non-severe impairments were not associated with any functional limitations, and therefore failure to discuss them after step two was not error. On the way to that conclusion, the magistrate judge noted that the record contained no medical opinion assessing any functional limitations caused by physical impairments.

The plaintiff filed two objections to the magistrate judge's report and recommendation. The filing of timely objections to a report and recommendation requires the court to "make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667

(1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).   This *de novo* review requires the court to re-examine all of the relevant evidence previously reviewed by the magistrate judge in order to determine whether the recommendation should be accepted, rejected, or modified in whole or in part.   28 U.S.C. § 636(b)(1).

"The filing of objections provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately," *Walters*, 638 F.2d at 950, enabling the court "to focus attention on those issues-factual and legal-that are at the heart of the parties' dispute," *Thomas v. Arn*, 474 U.S. 140, 147 (1985).   As a result, "'[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have.'"   *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

## First Objection

In his first objection, the plaintiff argues that the magistrate judge erred when she concluded that the ALJ addressed the plaintiff's non-severe, physical impairments in his five-step analysis.   The plaintiff argues that the ALJ ignored the non-severe impairments and only considered the plaintiff's mental impairments in determining his RFC.   The plaintiff notes that the magistrate judge did not cite any specific discussion in the written decision to support her finding that the ALJ considered all impairments in the five-step analysis, and that the ALJ's failure to discuss the physical impairments constitutes reversible error.

The plaintiff accepts the proposition that once a claimant clears step two, based on a finding that at least one of his impairments qualifies as severe, the failure to find *other* impairments severe is harmless. *See Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 244 (6th Cir. 1987); *see also Anthony v. Astrue*, 266 F. App'x 451, 457 (6th Cir. 2008) ("The fact that some of [the claimant]'s impairments were not deemed to be severe at step two is therefore legally irrelevant."). Aguilera says the failure matters here, however, because those non-severe impairments impacted his RFC, and the ALJ did not discuss that.

The regulations are quite clear that the ALJ must consider all of the claimant's impairments when determining RFC, including those deemed non-severe. See 20 C.F.R. § 416.945(e) ("[W]e will consider the limiting effects of all your impairment(s), even those that are not severe, in determining your residual functional capacity."); *see also* SSR 96-8p (S.S.A. July 2, 1996) ("In assessing RFC, the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'"). The point of the plaintiff's objection, therefore, is not so much that the ALJ committed error at the step-two stage. Rather, it is that the ALJ's RFC determination is flawed because of the failure to discuss Aguilera's physical impairments, regardless of whether they were deemed severe.

Residual functional capacity is an assessment of the claimant's remaining capacity for work — "the most [the claimant] can still do" — once his limitations have been considered. 20 C.F.R. § 416.945(a)(1). Determination of RFC is a functional analysis. It is meant "to describe the claimant's residual abilities or what the claimant can do, not what maladies a claimant suffers from – though the maladies will certainly inform the ALJ's conclusion about the claimant's

-6-

abilities." *Howard v. Comm'r of Soc. Sec.,* 276 F.3d 235, 240 (6th Cir. 2002). The ALJ's specific determination of RFC must be supported by substantial evidence, but the claimant bears the burden of demonstrating the need for a more restrictive RFC. *Jordan v. Comm'r of Soc. Sec.,* 548 F.3d 417, 423 (6th Cir. 2008) (noting that "[t]he claimant . . . retains the burden of proving her lack of residual functional capacity") (citing *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 392 (6th Cir. 1999)).

When making his RFC finding, the ALJ professed to "have considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence." Tr. 27. He noted that the plaintiff had described difficulty sleeping, sharp pains and numbness in his hands that caused him to drop objects, shoulder and elbow pain that made lifting difficult, limitations in his ability to walk more than 40 to 50 feet, and problems with his balance. Tr. 28. The ALJ did not incorporate any restrictions based on those self-described limitations, however, because he did not find them credible. The ALJ had already discussed the plaintiff's physical restrictions at length at the step-two section of his decision. He reviewed all the medical evidence, the laboratory tests, and the objective findings. He discussed treatment records and the plaintiff's reports to his physicians, and he noted several inconsistencies. *See* Tr. 22-25. He then concluded that "there is no supporting evidence to support a conclusion that Claimant's back pain/lumbago, hypertension, mild motor neuropathy, mild carpal tunnel syndrome, headache, hip pain, asthma, diabetes mellitus, calcaneal spur, and hypothyroidism are limiting his ability to function." Tr. 25.

It is true that the ALJ did not replicate this discussion in the section of his decision describing the plaintiff's RFC. Not doing so was not error, and it does not require remand for more consideration. In the RFC section of the decision, after listing the plaintiff's symptoms, as noted above, the ALJ concluded that the "Claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record *for the reasons explained in this decision.*" Tr. 28 (emphasis added). There was no need for the ALJ to say again why he thought the plaintiff's physical impairments did not cause any functional limitations. *See Forrest v. Comm'r of Soc. Sec.*, 591 F. App'x 359, 365, 366 (6th Cir. 2014) (holding that no remand was required when "the ALJ provides minimal reasoning at step three of the five-step inquiry," and the ALJ "made sufficient factual findings elsewhere in his decision to support his conclusions at step three").

The ALJ incorporated his RFC finding in the hypothetical question posed to the vocational expert. The rule that a hypothetical question must incorporate all of the claimant's physical and mental limitations does not divest the ALJ of his obligation to assess credibility and determine the facts. In fashioning the hypothetical question to be posed to the vocational expert, the ALJ "is required to incorporate only those limitations accepted as credible by the finder of fact." *Casey v. Sec'y of Health & Human Servs.,* 987 F.2d 1230, 1235 (6th Cir. 1993). "[A]n ALJ is not required to accept a claimant's subjective complaints and may properly consider the credibility of a claimant when making a determination of disability," and "can present a hypothetical to the [vocational expert] on the basis of his own assessment if he reasonably deems the claimant's testimony to be inaccurate." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 476 (6th Cir. 2003).

As the magistrate judge suggested, the RFC determination was supported by substantial evidence. The Court agrees. That determination distinguishes this case from *Simpson v. Comm'r of Soc. Sec.*, 344 F. App'x 181, 190 (6th Cir. 2009), on which the plaintiff relies. The first objection will be overruled.

Second Objection

In his second objection, the plaintiff challenges the magistrate judge's conclusion that any failure to consider the physical impairments constitutes harmless error where there was no medical opinion assessing any functional limitations caused by back pain or carpal tunnel syndrome. The plaintiff argues that there is no requirement that an alleged impairment must be supported by limitations prescribed by a doctor.

This objection does not accurately reflect the magistrate judge's report. It is true that the magistrate judge found significant that no medical source suggested that the plaintiff's back or wrist (carpal tunnel syndrome) pain limited his ability to function in any way. R&R at 20. But she treated such medical opinions as a factor, not as a necessary element. She concluded: "Where an impairment is not associated with *any* functional limitations in the record, failure to discuss the impairment after Step Two of the sequential analysis is harmless." *Ibid.* (emphasis added).

The plaintiff's second objection will be overruled.

After a *de novo* review of the entire record and the materials submitted by the parties, the Court concludes that the magistrate judge properly reviewed the administrative record and applied the correct law in reaching her conclusion. The Court has considered all of the plaintiff's objections to the report and finds them to lack merit.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation (ECF No. 20) is **ADOPTED**.

It is further **ORDERED** that the plaintiff's objections (ECF No. 21) are **OVERRULED**.

It is further **ORDERED** that the plaintiff's motion for summary judgment (ECF No. 15) is **DENIED**.

It is further **ORDERED** that the defendant's motion for summary judgment (ECF No. 18) is **GRANTED**. The findings of the Commissioner are **AFFIRMED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Date:    March 26, 2019

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first-class U.S. mail on March 26, 2019.

s/Susan K. Pinkowski
SUSAN K. PINKOWSKI

---